## Commonwealth v. Sullum

*Detleff A. Hansen,* district attorney, for Commonwealth.

*Edward L. Williams* and *Michael Keegan,* for defendant.

DAVIS, P. J., May 26, 1952.—This matter comes before the court on hearing for violation of The Vehicle Code. The case was called for hearing by District Attorney Detleff A. Hansen, whereupon counsel for defendant, Edward L. Williams and Michael Keegan, moved for dismissal of the information and transcript upon the grounds that the transcript coming from the office of Frank C. Frutchey, justice of the peace, had not been signed and attested to, and further that the

transcript indicated and states that a plea of not guilty was entered at a hearing, whereas, in fact, the hearing was waived upon this matter.

An examination of the files shows a paper purporting to be a transcript regarding violation of The Vehicle Code, and also a general bail bond in the sum of $50, conditioned that defendant appear at the next term of the court of quarter sessions. The paper purporting to be a transcript is not signed by the justice of the peace or sealed. The body of the paper sets forth that defendant appeared before the justice of the peace to make defense of the charge, that he pleaded not guilty, and a member of the State police was sworn on behalf of the Commonwealth. It further discloses the charge of $1 for a hearing.

The bail bond was taken and acknowledged on October 13, 1950, whereas the purported transcript sets forth that defendant appeared before the justice on November 8, 1950. Although this paper indicates that a hearing was held, the district attorney and defendant both say hearing was waived. The paper on its face gives no clue as to how the matter was finally concluded.

It is quite obvious that there is nothing before the court on which a final decision could be sustained. An unsigned paper purporting to be a transcript but not setting forth that a hearing was waived has been erroneously and improperly filed in the court of quarter sessions. This nullity will neither support a hearing nor a binding decision in relation to this defendant nor will it justify the payment of costs by the county to any party. As we view it, this case is still pending before the justice of the peace unless it has been disposed of by him other than by returning the same to the court of quarter sessions in this proceeding.